**Jian Ming ZHANG, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 03–40174–AG.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2005.

Thomas V. Massucci, New York, NY., for Petitioner.

Elizabeth A. Weishaupl, Assistant United States Attorney, Denver, CO., for Respondent.

PRESENT: CARDAMONE, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Jian Ming Zhang petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and "[a]n abuse will be found only in those limited circumstances where the BIA's decision: (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 45 (2d Cir.2005) (internal quotation marks omitted). The majority of the documents Zhang submitted in support of the motion to reopen did not address China's one-baby policy, nor did they address the Immigration Judge's ("IJ") specific findings regarding the application of the policy in Zhang's region of China. Zhang produced limited documents, which stated that those who violate the one-baby policy might be subject to torture, beatings, and illegal imprisonment. However, these documents on their own have no impact on the IJ's determination that Zhang's allegations that *he* would be subject to similar treatment were not credible. *See Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) ("When reviewing a denial of an

application for asylum, federal courts defer to the immigration court's factual findings as long as they are supported by substantial evidence" (internal quotation marks omitted)); *Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (per curiam) (an applicant who fails to establish eligibility for asylum "is necessarily unable to establish his eligibility for withholding of removal"); 8 C.F.R. § 208.16(c)(2) (under the CAT, an applicant must prove it is "more likely than not" he will be tortured if removed to the proposed country).

For the foregoing reasons, the petition for review and Zhang's pending motion for a stay of removal are DENIED.