**Hui Pang CHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40745–AG.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2005.

**26**

Theodore N. Cox (Carolyn Sha), New York, NY, for Petitioner.

Michelle L. Heyer, Assistant United States Attorney, Office of the United States Attorney for the Northern District of Ohio, Cleveland, Ohio (Gregory A. White, U.S. Attorney for the Northern District of Ohio), for Respondent.

PRESENT: MINER, SACK and SOTOMAYOR, Circuit Judges.

Petitioner Hui Pang Cheng ("Cheng") petitions for review of a BIA decision denying her motion to reopen her immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found in circumstances where the BIA's decision 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner'." *Id.* at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted)). Where a claim of ineffective assistance of counsel is alleged as the basis for a motion to reopen, the petitioner's Fifth Amendment right is violated only if counsel's performance is so poor as to impinge on the fundamental fairness of the proceedings. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005).

Cheng's ineffective assistance of counsel argument—that her counsel prejudiced her case by failing to submit her household registration booklet, the Aird affidavit, and testimony of her relatives—does not undermine the Immigration Judge's ("IJ") credibility determination. The credibility determination was based on numerous factors including Cheng's demeanor, inconsistencies in her story, and her inability to explain why she was never questioned or stopped by immigration officials in the other countries through which she traveled. In addition, Cheng's submission of the household registration booklet in support of her motion to reopen raised an additional discrepancy in her testimony, as it shows that her husband left China prior to her third pregnancy and second abortion. As a result, counsel was not ineffective for failing to introduce it. Thus, the BIA did not abuse its discretion, because it had a rational basis—that the IJ's credibility determination was dispositive of her claim—upon which to deny the motion to reopen. *See Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is hereby DENIED.