Ren Ding DONG, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 03–40120–AG.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2005.

Elizabeth Holmes, Karam & Associates, P.A., Bloomington, MN, for Petitioner.

David P. York, United States Attorney for the Southern District of Alabama, David Andrew Sigler, Assistant United States Attorney, Mobile, AL, for Respondent.

PRESENT: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Ren Ding Dong petitions for review of the BIA's decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

■ We review the BIA's denial of a motion to reopen for abuse of discretion and "[a]n abuse will be found only in those limited circumstances where the BIA's decision: (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 45 (2d Cir. 2005) (internal quotation marks omitted). Dong asserts that the BIA erred by faulting him for failing to explain why the family planning certificate was not available at the time of the hearing before the Immigration Judge ("IJ"). However, the BIA's order also addressed the effect of the family planning certificate on Dong's motion to reopen and, for the reasons explained in the BIA's ruling, properly concluded that it was unreliable, and, thus, not a sufficient basis for granting a motion to reopen. Furthermore, as the BIA found that the document was incredible for numerous reasons, there was no basis for conducting an investigation into the document.

■ Dong does not challenge the BIA's findings with respect to the other documents submitted in support of the motion. Thus, any such challenges are waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995). Dong briefly references his daughter's naturalization, but does so only with respect to his assertion that, once the BIA determined that the documents he submitted were not previously available and Dong established a *prima facie* case of asylum, it should have determined that Dong was entitled to a discretionary grant of asylum. *See INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA can properly deny a motion to reopen where it determines that, even if a petitioner is eligible for asylum, he would not be entitled to a discretionary grant of relief). However, as the BIA properly never reached this step of the analysis, his daughter's naturalization is not at issue.

■ Dong also may not challenge the underlying denial of asylum and withholding of deportation, as he did not file a petition for review from the BIA's final order of deportation. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir. 2001); 8 U.S.C. 1252(b)(1).

In his brief, Dong raises no challenge to the BIA's denial of his motion to reopen the BIA's prior denial of suspension of deportation. *See LoSacco*, 71 F.3d at 92.

Thus, this Court need not address whether it has jurisdiction to consider such a challenge (i.e. whether the denial of a motion to reopen a discretionary decision under former 8 U.S.C. § 1254(a) is itself a discretionary decision for purposes of Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") § 309(c)(4)(E)).

 Finally, Dong requests that this Court reinstate the IJ's grant of voluntary departure or remand the case to the BIA for reinstatement of voluntary departure. In the alternative, he asserts that his motion for a stay of deportation be construed as a motion to stay the BIA's grant of voluntary departure pending judicial review. Dong explains that, although this Court has declined to reinstate voluntary departure pre-IIRIRA, the Court has not decided the issue on a post-IIRIRA case. It is unclear, however, why Dong seeks a ruling from this Court on reinstating or staying voluntary departure under post-IIRIRA rules, as his case is governed by IIRIRA's transitional rules. Notably, Dong provides no analysis of this Court's authority to reinstate or stay his voluntary departure under the transitional rules. Moreover, this Court's pre-IIRIRA case law cautions against reinstating voluntary departure, as conceded by Dong. *See Ballenilla–Gonzalez v. INS*, 546 F.2d 515, 521–22 (2d Cir.1976)(denying reinstatement of voluntary departure due to delay caused by meritless appeal and petitioner's failure to seek an extension from the BIA or file a petition for review within the thirty-day period fixed by the BIA for voluntary departure). Dong next requests that, even if this Court denies his petition for review, it remand his case to the BIA to afford the BIA an opportunity to reinstate the voluntary departure. However, he provides no indication how such a scenario fits in with the current regulatory scheme. *See* 8 C.F.R. § 1240.26(h). We therefore decline to either reinstate Dong's voluntary departure or remand to the BIA for that purpose.

For the foregoing reasons, the petition for review is DENIED and Dong's pending motion for a stay of deportation is DENIED as moot.