**Katerina SHQUTAJ, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40195–AG.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Sunit K. Joshi, Sokol Braha, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney for the District of Utah, Dustin B. Pead, Assistant United States Attorney, Wichita, Kansas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Katrine Shqutaj, through counsel, petitions for review of the BIA decision, entered on June 18, 2003, denying her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur*, 413 F.3d at 234.

The BIA's decision did not constitute an abuse of discretion. Although Shqutaj claims she received erroneous advice from a consultant in completing her initial application, she does not claim that the lawyer representing her before the immigration judge was ineffective. Presumably, Shqutaj's lawyer would have questioned her about the circumstances surrounding her departure from Albania and explained the proper grounds for an asylum claim, instead of solely relying on her initial application for asylum. Shqutaj was afforded a full-opportunity to present her claims, and chose not to do so. Therefore, the consultant did not ultimately affect the fundamental fairness of the removal proceedings and prevent Shqutaj from presenting her "true" claim for asylum at the hearing. *See Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005).

Having completed our review, any stay of removal that the Court previously

granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).