CORRECTED SUMMARY ORDER
Wei Xiong Ni petitions for review of the BIA March 81, 2005 decision affirming the decision of an immigration judge (“IJ”) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005) (per curiam); Zhou Yun Zhang v. INS, 386 F.3d 66, 77-78 (2d Cir.2004).
Because Ni failed to present his ineffective assistance of counsel claim to the BIA, this Court lacks jurisdiction to review that claim. See 8 U.S.C. § 1252(d)(1); Zheng v. U.S. Department of Justice, 409 F.3d 43, 46 (2d Cir.2005). Further, substantial evidence supports the IJ’s determination that Ni lacked credibility because he testified inconsistently regarding matters at the heart of his asylum claim such as the number of times he was summoned to the police station, the number of demonstrations that he participated in, and whether he was questioned at the police station. Moreover, even assuming Ni testified credibly, substantial evidence supports the IJ’s conclusion that Ni failed to establish that he suffered past persecution because Ni was merely briefly questioned by police. See Chen v. INS, 359 F.3d 121, 128 (2d Cir.2004) (holding that persecution includes more than just harassment); Yuan v. U.S. Dept. of Justice, 416 F.3d 192, 198 (2d Cir.2005) (holding that being detained for two days then three days without mistreatment is insufficient to constitute persecution). Finally, substantial evidence supports the IJ’s conclusion that Ni failed to establish a well-founded fear of future persecution because there was no evidence that the police have continued to look for Ni and, without children, Ni is not likely to be persecuted under the family planning policy.
For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.