**Jian Yun ZHENG, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, John Ashcroft, United States Attorney General, Respondents.**

**Docket No. 02–4711.**

United States Court of Appeals, Second Circuit.

Submitted: May 16, 2005.

Decided: May 20, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Charles T. Harden III, Assistant United States Attorney (Karin B. Hoppmann, Assistant United States Attorney, of counsel, Paul I. Perez, United States Attorney, on the brief), Office of the United States Attorney for the Middle District of Florida, Tampa, FL, for Respondents.

Before: MESKILL, NEWMAN and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Jian Yun Zheng, a native and citizen of the People's Republic of China ("China"), petitions this Court for review of an October 11, 2002, order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings. In her petition, Zheng argues, as she did in her motion to the BIA, that she was prejudiced in her prior appeal before the BIA by her attorney's ineffective assistance—namely, her attorney's failure to file an appellate brief. Because we hold that the BIA did not abuse its discretion in rejecting petitioner's ineffective assistance claim on the ground that petitioner failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.), *aff'd sub nom. Lozada v. INS,* 857 F.2d 10 (1st Cir.1988), we deny the petition for review.

## BACKGROUND

In an immigration hearing on May 24, 2000, Zheng testified that she was persecuted in China because she practiced Christianity, refused to pay fines for attending religious services, and protested the government's arrest and imprisonment of her pastor. Based on her claim of religious persecution, Zheng requested asylum and withholding of removal under both the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 *et seq.* ("INA"), and the United Nations Convention Against Torture, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 14 U.N.T.S. 85; 8 C.F.R. § 208.16.

In an oral decision at the end of Zheng's May 24, 2000, hearing, the Immigration Judge ("IJ") denied Zheng's application for asylum and withholding of removal. Specifically, the IJ found that Zheng's claim of religious persecution was not credible because, *inter alia,* (1) Zheng failed to provide sufficient documentation to corroborate her "generalized and unspecific" testimony; (2) Zheng was hesitant, non-responsive, and vague in responding to questions; (3) Zheng's testimony was inconsistent with the addendum to her asylum application; and (4) despite her claim of religious devotion, Zheng exhibited little knowledge of Christianity and testified that she had not attended church services since arriving in the United States nine months earlier.

On May 30, 2000, Zheng's then-counsel, Melissa Jacobs, filed a timely notice of appeal of the IJ's decision. In the notice, Jacobs indicated that she intended to file a brief elaborating upon the factual and legal basis for Zheng's appeal. Jacobs, however, failed to file an appellate brief in accordance with the BIA's briefing schedule. Pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) and (D), the BIA summarily dismissed Zheng's appeal in an order dated April 2, 2002.

With the assistance of new counsel, Yee Ling Poon, Zheng filed a motion to reopen her deportation proceedings on April 8, 2002. In her motion, Zheng stated that she only learned that Jacobs had neglected to file an appellate brief after the BIA dismissed her appeal. Based on the fore-

going, Zheng requested that the brief she submitted in support of her motion to reopen—in which she specified her legal and factual basis for appealing the IJ's decision—be reviewed by the BIA. Zheng also submitted additional documentary evidence, including affidavits from churches in the United States and China, to corroborate her testimony that she was, and is, a practicing Christian.

In an order dated October 11, 2002, the BIA denied Zheng's motion to reopen. The BIA stated that, with respect to Zheng's contention that she had been a victim of ineffective assistance, Zheng's motion did not comply with the requirements set forth by the BIA in *Lozada* for asserting an ineffective assistance claim because she did not indicate in her motion whether she had informed her former attorney of her allegation.[1]

The BIA further stated that, even if Zheng had complied with *Lozada*'s requirements, she would still have been ineligible for relief because "she would be unable to demonstrate any prejudice resulting from her former attorney's representation" as she had "not successfully challenged the [IJ's] adverse credibility determination" in her motion to reopen.

### DISCUSSION

■ On appeal, Zheng contends that, under *Rabiu v. INS*, 41 F.3d 879 (2d Cir.

1994), the BIA's decision denying her motion to reopen is not entitled to deference. Specifically, Zheng maintains that the BIA does not have jurisdiction to adjudicate ineffective assistance of counsel claims, *see id.* at 882, and, accordingly, that compliance with the BIA's ruling in *Lozada* cannot be required. She further argues that the BIA "abused its discretion in refusing to consider" her brief and the documents she submitted in support of her motion to reopen, *id.* at 18–19, and that she is therefore entitled to have her case remanded to the BIA.

■ We review a BIA decision denying a motion to reopen for an abuse of discretion. *See Guan v. Bd. of Immigration Appeals*, 345 F.3d 47, 48 (2d Cir.2003). An abuse will be found only in those limited circumstances where the BIA's decision (1) "provides no rational explanation," (2) "inexplicably departs from established policies," (3) "is devoid of any reasoning," or (4) "contains only summary or conclusory statements." *Zhao v. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

We find none of those circumstances here. In its decision of October 11, 2002, the BIA acted neither arbitrarily nor capriciously. It provided ample, and rational, reasons for denying Zheng's motion to reopen and did not depart from established policies or offer only conclusory statements in doing so.

---

1. In *Lozada*, the BIA stated that a motion to reopen or reconsider based upon a claim of ineffective assistance of counsel "[1] should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts .... Furthermore, [2] ... former counsel must be informed of the allegations and allowed the opportunity to respond .... Finally, [3] if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities

regarding such representation, and if not, why not." *Lozada*, 19 I. & N. Dec. at 639. *Cf. Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir.1998) (stating that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs"); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir.1998) (same).

■ We disagree with Zheng's contention that, because she complains of ineffective assistance of counsel, the BIA's decision, grounded in Zheng's failure to comply with procedural requirements, must be set aside. As an initial matter, immigration cases are civil, not criminal, proceedings. *See Vacchio v. Ashcroft,* 404 F.3d 663, 672 (2nd Cir.2005); *see also Harisiades v. Shaughnessy,* 342 U.S. 580, 594, 72 S.Ct. 512, 96 L.Ed. 586 (1952) ("Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure."). An asylum applicant therefore enjoys no specific right to counsel, but only a general right to due process of law under the Fifth Amendment of the Constitution. *See Vacchio,* 404 F.3d at 669; *Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 241 (2d Cir.1992). "Thus, in order to prevail on an ineffectiveness claim, an alien must show that [her] counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Id.* (internal quotation marks and citations omitted). *Cf. Stroe v. INS,* 256 F.3d 498, 500–01 (7th Cir.2001) (Posner, J.) (noting that the "question [of] whether there is ever a constitutional right to counsel in immigration cases is ripe for reconsideration").

Although we have previously stated that, where an allegation of ineffective assistance of counsel implicates issues of constitutional significance, the BIA lacks "jurisdiction to adjudicate the issue," *Rabiu,* 41 F.3d at 882 (citing *Arango–Aradondo v. INS,* 13 F.3d 610, 614 (2d Cir.1994)), in so holding, we explicitly recognized that the BIA should consider ineffectiveness claims in the first instance in order to "avoid any premature interference with the agency's processes," *id.* (internal citations and quotation marks omitted); *see also Goonsuwan v. Ashcroft,* 252 F.3d 383, 389 (5th Cir.2001) ("Having established a procedure for review of ineffectiveness claims, the BIA should be given the first opportunity to correct any procedural errors committed during [an immigration] hearing.").

Any BIA determination with respect to an ineffectiveness claim is certainly subject to judicial review, *see Arango–Aradondo,* 13 F.3d at 614 (citing *Castaneda–Suarez v. INS,* 993 F.2d 142, 145 (7th Cir.1993)), but, as our sister circuits have held, review on the merits may be conditioned on substantial compliance with the reasonable requirements set forth in *Lozada. See Dakane v. U.S. Att'y Gen.,* 371 F.3d 771, 775 (11th Cir.2004) (recognizing that a petitioner claiming ineffective assistance of counsel in a motion to reopen must show "substantial, if not exact, compliance with the procedural requirements of *Lozada*"); *Hamid v. Ashcroft,* 336 F.3d 465, 469 (6th Cir.2003) ("Sound policy reasons support compliance with the *Lozada* requirements."); *Stroe,* 256 F.3d at 503–04 (affirming the BIA's rejection of an alien's ineffective assistance of counsel claim because the petitioner did not comply with the *Lozada* requirements); *Lara v. Trominski,* 216 F.3d 487, 498 (5th Cir.2000) ("[T]he general application of the *Lozada* rules is not an abuse of discretion."); *Castillo–Perez v. INS,* 212 F.3d 518, 525 (9th Cir.2000) ("[T]he *Lozada* requirements are generally reasonable, and under ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada.*"); *Bernal–Vallejo v. INS,* 195 F.3d 56, 64 (1st Cir.1999) (citing the *Lozada* requirements favorably in dismissing ineffective assistance claim for failure to exhaust available BIA remedy); *Stewart v. INS,* 181 F.3d 587, 596 (4th Cir.1999) (holding that because petitioner "failed to assert her claim of ineffective assistance of counsel to the BIA in the manner pre-

scribed by *Matter of Lozada* . . . [the] Court [could not] consider the claim"); *see also In re Assaad*, 23 I. & N. Dec. 553 (B.I.A.2003) (in banc) (reaffirming the continuing vitality of the *Lozada* requirements).

Indeed, we previously set forth the *Lozada* requirements in *Esposito v. INS*, 987 F.2d 108, 110–11 (2d Cir.1993), and reached the merits of an ineffectiveness claim after concluding that the alien had supplied the BIA with a "reasonable explanation" for not filing a complaint with any disciplinary authority and had thereby adequately met the *Lozada* requirements. *See id.* at 111. We hold today that an alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court. In the instant case, because Zheng did not comply with the *Lozada* requirements, and made no effort to explain her lack of compliance, she is not entitled to have her failure to submit a brief to the BIA excused on the ground of ineffective assistance of counsel.

Contrary to Zheng's assertions, our holdings in *Rabiu* and *United States v. Perez*, 330 F.3d 97 (2d Cir.2003), do not require a different result. In *Rabiu*, we held that the petitioner's motion to reopen his deportation proceedings was improperly denied by the BIA because the BIA determined, incorrectly, that the petitioner had failed to demonstrate his prima facie eligibility for waiver of deportation under § 212(c) of the INA, 8 U.S.C. § 1182(c) (1994) (repealed). We explicitly rejected this erroneous determination and stated that the petitioner had in fact "made a prima facie showing that he was eligible for relief." *Rabiu*, 41 F.3d at 883. In so holding, we did, as Zheng points out, consider the merits of Rabiu's ineffective assistance of counsel claim anew, *see id.* at

882–83, but we did not indicate that a petitioner who was differently situated would likewise be entitled to *de novo* review of an ineffective assistance of counsel claim so long as she merely first notified the BIA of the issue.

Our decision in *Perez*, which involved a collateral attack on a deportation order in a criminal proceeding, relied on *Rabiu* to hold that "[d]eprivation of the opportunity for judicial review can be established by demonstrating ineffective assistance of counsel." *Perez*, 330 F.3d at 101. We noted that Perez's *pro se* motion to reopen his deportation proceedings had been improperly denied by the BIA because the BIA had found, erroneously, that "Perez had failed to show good cause for [his] failure to file [his] § 212(c) application in a timely manner." *Id.* at 100. In reversing this determination, *see id.* at 104, we found that good cause had been asserted when Perez claimed that his lawyer, and not he, was at fault for the failure to comply with the deadline, *id.* at 101 n. 2.

*Rabiu* and *Perez* are, however, inapposite here because neither compliance nor lack of compliance by the petitioners with the *Lozada* requirements was addressed in these rulings. *Cf. Esposito*, 987 F.2d at 110–11 (vacating the BIA's denial of the petitioner's motion to reopen and reconsider deportation order on the ground of ineffective assistance of counsel where the petitioner complied with *Lozada*'s requirements). Furthermore, the merits of the petitioners' respective § 212(c) applications in both *Rabiu* and *Perez* had never been considered by either an IJ or the BIA. *See Rabiu*, 41 F.3d at 881; *Perez*, 330 F.3d at 101.

By contrast, in the instant case, the BIA rejected Zheng's motion to reopen precisely because of her lack of compliance with *Lozada*'s requirements. Moreover, this occurred after the IJ had considered, and

rejected, the merits of Zheng's application. Zheng was also represented by counsel at the hearing before the IJ and in her motion to reopen, and she does not allege that her counsel's performance was deficient at either of those stages of the proceedings. Under these circumstances, reconsideration of the merits of Zheng's claim of ineffective assistance of counsel is not warranted.[2]

Finally, with respect to Zheng's contention that the BIA abused its discretion in refusing to consider (1) her brief and (2) the corroborating affidavits she submitted in support of her motion to reopen, the BIA's decision does not suggest that the appellate *brief* was not considered,[3] but only that the BIA found Zheng's motion insufficient insofar as it did not comply with *Lozada*'s requirements. In its decision denying Zheng's motion, moreover, the BIA correctly stated that a motion to reopen "is not to be used as ... a second effort at proving factual allegations." And while it is true, as petitioner notes, that an alien is invited "to submit previously unavailable evidence in support of one's claim" in a motion to reopen, the regulations unequivocally provide that such evidence will only be considered if it (1) is material, (2) was not previously available, and (3) could not have been discovered or presented at the initial hearing. *See Johnson v. Ashcroft*, 378 F.3d 164, 170 (2d Cir.2004) (citing 8 C.F.R. § 1003.2(c)(1)).

---

**2.** It bears underscoring that the BIA stated in its decision that Zheng would not have been entitled to relief even if she had demonstrated that she suffered ineffective assistance of counsel because Zheng had not "successfully challenged the [IJ's] adverse credibility determination." Were we to reach the merits of Zheng's ineffective assistance claim, the BIA's specific affirmation of this factual finding of the IJ would certainly be entitled to deference where, as here, it is supported by substantial evidence in the record considered as a whole. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) ("[W]e will not disturb a factual

Because Zheng made no effort to demonstrate that the affidavits and additional documentary evidence she submitted in support of her motion to reopen met these requirements, the BIA was not obligated to consider them.

## CONCLUSION

Accordingly, we hold that the BIA did not abuse its discretion in rejecting petitioner's ineffective assistance of counsel claim on the ground that petitioner failed to comply with the requirements set forth in *Lozada, see* note 1 *ante.* The petition for review is therefore denied.

---

finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole.") (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

**3.** As we observed above, *see* note 2 *ante*, the BIA stated that, in addition to not complying with *Lozada*, Zheng's motion, which included an appeal brief, was independently deficient because Zheng had not "successfully challenged the [IJ's] adverse credibility determination."