**Zhi Xin HE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–4299.**

United States Court of Appeals, Second Circuit.

June 28, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

David Andrew Sigler, Assistant United States Attorney, for David P. York, United States Attorney for the Southern District of Alabama, Mobile, AL., for Respondent.

PRESENT: MINER, CALABRESI, Circuit Judges, and KEENAN,* District Judge.

### SUMMARY ORDER

Petitioner, Zhi Xin He ("He"), a native and citizen of China, appeals the decision of the BIA dismissing his appeal and denying his request for a remand to the Immigration Judge ("IJ"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

---

\* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

1. He's counsel before the IJ, Joseph Muto, has since been disbarred. An investigating

■ The IJ's finding of a lack of credibility is supported by substantial evidence. The BIA did not abuse its discretion in failing to remand for consideration of new evidence, both because the evidence was not new, and because on its merits, the evidence did not significantly undermine the IJ's finding of a lack of credibility.

■ Before this Court, petitioner seeks for the first time to raise a claim under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85. Surprisingly, the government does not argue that He's failure to present this claim to the BIA precludes him from raising it here. But, in any event, the claim fails on its merits because the record does not show more probably that not that petitioner will be subject to torture if returned to China. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004); 8 C.F.R. § 208.16(c)(2).

Finally, petitioner argues that his case should be remanded because he was prejudiced by ineffective assistance of counsel in the proceeding before the IJ. *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988), sets out a series of requirements for filing a motion to reopen with the BIA on the ground of inadequacy of counsel. *See Jian Yun Zheng v. Ashcroft,* 409 F.3d 43, 45–48 (2d Cir.2005) (finding these requirements to be valid). Petitioner did not allege ineffective assistance before the BIA, much less comply with the dictates of *Lozada.* While it may still be possible for petitioner to seek reopening before the BIA based on past counsel's behavior, the question of inadequacy of counsel is not before us at this time.[1]

---

panel found Muto engaged in many kinds of professional misconduct while representing immigrant clients, including the following:

(1) accepting client referrals from nonlawyers, and relying on nonlawyers he did not

426

We have considered all of He's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.

supervise to perform legal work, such as consulting with the client; (2) in most cases, undertaking the representation without ever discussing the case directly with the client in the presence of a translator, and, in some cases, without ever meeting the client at all; (3) filing with the courts affidavits purportedly signed by clients, which the clients in fact had not signed; (4) repeatedly failing to appear at hearings in violation of court directives that he appear, and after giving the courts assurances that he would appear; (5) filing grossly inadequate and/or untimely motions to change venue or to reopen orders of deportation, which motions were denied; (6) failing to file motions after his office represented to the clients that such motions would be made; (7) failing to advise clients of hearing dates, or having his office advise clients that it was unnecessary for them to appear at scheduled hearings, and failing to advise clients of dispositions of motions of which they should have been apprised, such as motions for change of venue; (8) arranging for other attorneys to appear in his stead at hearings, without informing the clients or obtaining their consent, and without adequately preparing the other attorneys for such appearances; and (9) failing to return important original documents relating to a client's asylum claim.

*In re Muto*, 739 N.Y.S.2d 67, 69, 291 A.D.2d 188, 190–91 (App. Div. 1st Dep't 2002).