**Ali Al HARBI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**Docket Nos. 02–4744–AG, 04–3640–AG.**

United States Court of Appeals,
Second Circuit.

Sept. 30, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

Daniel M. Pell, York, Pa. (pro hac vice), for Petitioner.

Michael R. Holden and Andrew W. Schilling, Assistant United States Attorneys, for David N. Kelley, United States Attorney for the Southern District of New York, New York City, N.Y., for Respondent.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be **DENIED** and that the motion for a stay of deportation be **DENIED**.

Petitioner Ali Al Harbi, a native and citizen of Yemen, petitions for review of two decisions by the Board of Immigration Appeals ("BIA"). On February 5, 1996, an Immigration Judge ("IJ") entered an *in absentia* order of deportation against Petitioner. On January 29, 2002, after Al Harbi's arrest and detention, the IJ denied Al Harbi's Motion to Reopen the *in absentia* order of deportation entered against him, and on November 5, 2002, the BIA dismissed Petitioner's appeal of the IJ's decision. The BIA's dismissal of this appeal is the first administrative decision of which Al Harbi seeks review. Petitioner also seeks review of a so-called "Second Motion to Reopen" that he filed with the BIA, which was denied by the agency on June 2, 2004. We assume the parties' familiarity with the facts, procedural history, and scope of issues before us.

■ Both of Al Harbi's two petitions for review raise inadequacy of counsel arguments. In both cases, Petitioner has failed to comply adequately with the requirements of *In re Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice,*

409 F.3d 43, 46–47 (2d Cir.2005). Even if we were to agree with Al Harbi that it may have been difficult for him to meet these evidentiary requirements at the time of his first motion to reopen before the IJ, no such excuse could explain his failure to satisfy those requirements at the time of his "Second Motion to Reopen."

■ Accordingly, and quite apart from numerous other deficiencies which we need not and hence do not address, the petitions for review are denied. We note that Al Harbi asks for release from detention, but that question is not properly before us.

We have considered all of Petitioner's other arguments and find them to be without merit. The petition for review is therefore DENIED, and Petitioner's motion for a stay of deportation is also DENIED.