**Chen Min LIU, a.k.a. Chen Min Lin a.k.a. Toi Wang Li, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 04–0965–AG.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Gang Zhou, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Myrna B. Silen, Assistant United States Attorney, Dallas Texas, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. BARRINGTON D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Chen Min Liu, through counsel, petitions for review of the BIA's denial of his motion to reopen his removal proceedings.

We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001). A movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In the present case, Liu offered a 2001 State Department Profile and his claim of ineffective assistance of counsel to support his motion to reopen. The BIA properly denied his motion, holding that the Profile was insufficient to warrant eligibility for relief and that Liu had failed to establish that the outcome of his case would have been different if he had been effectively represented by counsel. Additionally, we agree that Liu has failed to make out a prima facie case upon which relief could be granted. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir. 2005) (holding that to prevail on an ineffectiveness claim, an alien must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing). Accordingly, we find that the BIA did not abuse its discretion in denying Liu's motion to reopen.

For the foregoing reasons, Liu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).