Zubeda MINSARIYA, Khairunsia
Minsariya, Petitioners,

v.

Alberto R. GONZALES, Respondent.

No. 05–3314–AG.

United States Court of Appeals,
Second Circuit.

March 8, 2006.

Matthew L. Kolken, Sacks, Kolken &
Schultz, Buffalo, New York, for Petitioner.

Kathleen M. Mehltretter, Acting United
States Attorney, Monica J. Richards, Assistant United States Attorney, Buffalo,
New York, for Respondent.

PRESENT: Hon. CHESTER J.
STRAUB, Hon. SONIA SOTOMAYOR,
and Hon. ROBERT A. KATZMANN,
Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States
Court of Appeals for the Second Circuit,
held at the Thurgood Marshall United
States Courthouse, Foley Square, in the
City of New York, on the 8th day of
March, two thousand and six.

UPON DUE CONSIDERATION of this
petition for review of the Board of Immigration Appeals ("BIA") decision, it is
hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is
DISMISSED.

Zubeda Minsariya petitions for review of
the 2003 BIA order affirming an immigration judge's ("IJ") denial of her claim for
withholding of removal. We assume the
parties' familiarity with the underlying
facts and procedural history of this case.

Under 8 U.S.C. § 1252(d)(1), a court can
review a final order of removal only if the
alien has exhausted all administrative rem-

edies available to the alien. In *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005), this Court held that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below."

 Minsariya argues that this Court should "vacate the underlying removal order against the Petitioners in the interests of justice" based on the alleged ineffective assistance of counsel. To assert a claim of ineffective assistance of counsel during immigration proceedings, an alien must: (1) submit an affidavit describing in detail the agreement with former counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent, (2) inform former counsel of the allegations and afford him an opportunity to respond, and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not, why not. *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). Substantial compliance with the *Lozada* requirements is necessary to prevent forfeiture of the claim, and presentation of the claim to the BIA in the first instance is required "to avoid any premature interference with the agency's processes." *Jian Yun Zheng v. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) (internal quotation marks omitted). Because Minsariya has not only failed to substantially comply with *Lozada,* but has also not presented her ineffective assistance of counsel claim to the BIA this Court does not possess jurisdiction to review her claim.

Additionally, this Court cannot review Minsariya's argument that changed conditions in her native country of India, which would allegedly affect her eligibility for asylum, warrant a reopening of proceedings. This Court may decide a petition for review only on the administrative record on which the order of removal is based. 8 U.S.C. § 1252(b)(4)(A). Additionally, while the regulations permit a motion to reopen proceedings to be filed with the BIA where the request is based on new, material evidence that was previously unavailable, 8 C.F.R. § 1003.2(c)(1), Minsariya has not filed a motion to reopen with the BIA. Because the regulations place the decision to grant or deny motions to reopen squarely within the discretion of the BIA, this Court does not have jurisdiction to direct the reopening of proceedings where Minsariya has not first sought this relief from the BIA.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.