**YAN TU ZHAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3425–AG.**

United States Court of Appeals,
Second Circuit.

May 25, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Stephen J. Sorenson, Acting United States Attorney for the District of Utah, Dustin Pead, Assistant United States Attorney, Salt Lake City, UT, for Respondent.

Present JAMES L. OAKES, RICHARD J. CARDAMONE and DENNIS JACOBS, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yan Tu Zhao, through counsel, petitions for review of the BIA's denial of his motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

When moving to reopen removal proceedings based on a claim of ineffective assistance of counsel, strict adherence to *In re Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), is not always required. However, we have held that petitioners who seek to reopen based on ineffective counsel must still "comply substantially" with *In re Lozada*'s procedural requirements. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005). Two of those requirements are to (1) establish that former counsel has been informed of the allegations of ineffective counsel and given an opportunity to respond and (2) that a complaint with the appropriate disciplinary authorities had been filed, and if not,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

why. *Zheng*, 409 F.3d at 45 n. 1. Although Zhao filed a complaint with the proper disciplinary authorities, he admits that he did not notify his prior counsel of his accusations nor did he provide him with an opportunity to respond. He claims his failure to notify is excusable because it was reasonable for him to assume that the bar authorities would notify his prior counsel for him. It is correct that a valid explanation as to why a disciplinary complaint was not filed against a petitioner's former counsel may excuse the failure to file a complaint. *See In re Lozada*, 19 I. & N. Dec. at 639. Putting aside whether a similar exception exists for *In re Lozada*'s notice requirement, Zhao did not even provide an explanation to the BIA of why he did not notify prior counsel. Thus, even if the BIA would have entertained Zhao's explanation for why he did not comply with *In re Lozada*, we find that the BIA did not abuse its discretion in denying his motion where he provided it with no such explanation.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).