**Ramata JALLOH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 03–4832–ag.

United States Court of Appeals,
Second Circuit.

June 21, 2006.

Deborah M. Ferdinand, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Joel E. Wilson, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Ramata Jalloh, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Sandy K. Hom, denying Jalloh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She also appeals from the BIA's denial of her due process claim alleging that the IJ improperly denied her the assistance of counsel. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ The BIA found that Jalloh, while credible, was unable to establish past persecution or a well-founded fear of future persecution with a sufficient nexus to the enumerated grounds for asylum. Furthermore, the BIA found that the IJ's insistence on proceeding with the asylum hearing, in the absence of Jalloh's counsel, was not a deprivation of Jalloh's right to due process. Here, the BIA's denial of Jalloh's asylum claim was supported by substantial evidence, because Jalloh did not show that she had been persecuted based on her political opinion or inclusion within a social group. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129–30 (2d Cir.2005). Jalloh testified that neither she, nor her husband, were involved in any political activities, and she did not present any evidence that the rebels in Sierra Leone had imputed a political opinion to her. As to membership in a social group, this claim was not presented to the BIA and is therefore unexhausted. The finding by the BIA that Jalloh's asylum claim was not based on one of the enumerated grounds was supported by substantial evidence.

■ Jalloh argues that her right to due process was violated by the IJ when he proceeded to hold the asylum hearing in the absence of her counsel. The BIA did not err in rejecting the claim. Jalloh argues that, had counsel been present, the nexus between her brutalization by the rebels and the enumerated grounds "would have become apparent"; but she provides no evidence to support this conclusion. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005) (noting that "[a]n asylum applicant ... enjoys no specific right to counsel, but only a general right to due process of law under the Fifth Amendment of the Constitution").

Because Jalloh has not satisfied the standard for granting asylum, she cannot meet the higher standard for granting withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Further, because Jalloh does not raise the denial of her claim for CAT relief before this Court, the issue is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).