**WEN XING GAO, Petitioner,**

v.

**UNITED STATES BOARD OF IMMIGRATION APPEALS, United States Attorney General, United States Bureau of Citizenship and Immigration Services Trial Unit, Respondents.**

No. 05–4820–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

Wen Xing Gao, pro se, Brooklyn, New York, for Petitioner.

Jonathan S. Gasser, U.S. Atty. for the District of South Carolina, Christie V. Newman, Asst. U.S. Atty., Columbia, South Carolina, for Respondent.

---

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Wen Xing Gao, *pro se*, petitions for review of the BIA's August 5, 2005, decision denying his "Explanation" to his previous motions, which it construed as a motion to reconsider. *In re Wen Xing Gao*, No. A96001603 (B.I.A. Falls Church, Va. Aug. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

A petition for review of a final order of removal and a petition for review of the denial of a motion to reopen or reconsider involve "two separate petitions filed to review two separate final orders." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (internal citations omitted). Here, Gao did not timely petition for review from the dismissal of his appeal in August 2004, the denial of his November 2004 motion to reopen or reconsider, or his March 2005 motion to reconsider. These decisions are therefore not before this Court.

An asylum applicant is limited to only one motion to reconsider, which must be filed within 30 days of a final administrative decision. 8 C.F.R. § 1003.2(b)(2). Here, the BIA did not abuse its discretion in denying Gao's motion as exceeding the numerical limitations where he filed a previous motion to reopen and reconsider in November 2004, and a motion to reconsider in March 2005. In addition, the BIA did not abuse its discretion in construing Gao's "Explanation" as a motion to reconsider, because he argued that the BIA's prior decisions contained errors of fact and law. Gao would have also exceeded the

time and numerical limitations for motions to reopen if the BIA had construed it as such. *See* 8 C.F.R § 1003.2(c)(2).

Finally, even if Gao were arguing ineffective assistance of counsel, he would not be entitled to equitable tolling of the filing deadline for motions to reopen. When moving to reopen removal proceedings based on ineffective assistance of counsel substantial compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (1988), is required. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 45–47 (2d Cir. 2005). Here, even if we were to accept Gao's explanation of why he failed to notify the disciplinary authorities of his former counsel's alleged ineffective assistance as required by *Lozada*, his claim fails because he has not shown that he alerted his previous attorney of his ineffective assistance claim.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).