Ussumane TUNCARA, Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY, Respondent.

No. 06–3100–ag.

United States Court of Appeals,
Second Circuit.

May 9, 2007.

Theodore Vialet, New York, New York, for Petitioner.

Peter Keisler, Assistant Attorney General, Civil Division, Sharon L. Potter, United States Attorney for the Northern District of West Virginia, Betsy Steinfeld Jividen, Assistant United States Attorney, Wheeling, West Virginia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ussumane Tuncara, a citizen of Guinea–Bissau, seeks review of a June 6, 2006 order of the BIA, affirming the February 24, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Ussumane Tuncara*, No. A79 329 219 (B.I.A. June 6, 2006) *aff'g* No. A79 329 219 (Immig. Ct. N.Y. City February 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). As an initial matter, we do not review the IJ's finding that Tuncara's application for asylum was untimely. His arguments are "essentially a quarrel about fact-finding" which this Court does not have jurisdiction to review. 8 U.S.C. § 1158(a)(2)(B); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329–30 (2d Cir.2006). His allegations of ineffective assistance against his former counsel do not establish that he suffered a due process violation. In addition, we find no indication in the record that Tuncara has complied with the filing requirements articulated in *Matter of Lozada*, 19 I. & N.

Dec. 637, 639 (BIA 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir.2005) (finding that the failure to comply with the *Lozada* requirements constitutes forfeiture of the ineffective assistance claim). Accordingly, we dismiss Tuncara's petition for review insofar as it challenges the agency's pretermission of his asylum application.

We do have jurisdiction over Tuncara's withholding of removal claim, which is not subject to the one-year deadline under 8 U.S.C. § 1158(a)(2)(B). *See Xiao Ji Chen*, 471 F.3d at 332. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 74 (internal quotation marks omitted).

■ Here, we find no error in the IJ's adverse credibility determination. Substantial evidence supports his finding that Tuncara's testimony regarding his family's mistreatment was inconsistent with his pre-hearing statements. Between his testimony and his asylum application, Tuncara did not simply mistake dates or provide contradictory minor details. Instead, he provided two different versions of the only events on which his withholding claim rests. The inconsistencies are dramatic and undermine his credibility. In rejecting Tuncara's explanation for the inconsistencies, the IJ reasonably found that Tun-

**776**

cara "had ample opportunity to review the written request for relief and have it corrected or amended with the assistance of counsel." *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). The IJ also reasonably relied on Tuncara's false statements to U.S. officials after his arrest for illegally selling compact discs. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (finding it reasonable, with limited exceptions, for an IJ to apply the maxim of *falsus in uno* in asylum cases).

Finally, we note that Tuncara does not challenge the agency's denial of his application for CAT relief. Accordingly we deem this claim waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).