Saul BENITEZ–PENA, Petitioner,

v.

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 05–4833–ag.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2007.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Saul Benitez–Pena, Whittier, CA, pro se.

Terrance P. Flynn, United States Attorney, Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Saul Benitez–Pena, a native and citizen of Mexico, seeks review of the August 16, 2005 order of the BIA affirming the January 5, 2004 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saul Benitez–Pena,* No. A79 065 748 (B.I.A. Aug. 16, 2005), *aff'g* No. A79 065 748 (Immig. Ct. Buffalo, Jan. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we

may consider both opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

■ As a preliminary matter, we lack jurisdiction to review the agency's findings with respect to the untimeliness of Benitez–Pena's asylum application. *See, e.g., Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir.2006) (citing 8 U.S.C. § 1158(a)(3)). Therefore, to the extent that he challenges the agency's denial of his asylum application, we dismiss his petition for review.

■ Regarding withholding of removal, Benitez–Pena does not argue that he will be singled out for persecution, but challenges the BIA's finding that there is no "pattern or practice of persecution of" homosexual men in Mexico.[2] *See* 8 C.F.R. § 1208.16(b)(2)(i). Our review of the record evidence leads us to conclude that substantial evidence supports the BIA's finding. *See Zhou Yun Zhang*, 386 F.3d at 73 & n. 7. While the BIA correctly observed that there are numerous disturbing incidents of violence against gay men in some areas of Mexico, the evidence does not unambiguously militate in favor of a finding that these incidents are in any way "systemic, pervasive, or organized," thus giving rise to a pattern or practice of persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005). Indeed, no evidence in the record suggests that the Mexican government itself is engaging in the

repression of homosexuals. Rather, the Mexican government appears to be taking affirmative steps to combat discrimination and violence against homosexuals in Mexican society. Because the BIA's finding that there was no pattern or practice of persecution against homosexual men in Mexico was proper, Benitez–Pena failed to show the objective likelihood of persecution needed to support his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006).

■ Regarding his claim for CAT relief, again, while the record evidence noted incidents of violence against homosexuals in Mexico, there is no indication that Benitez–Pena would, more likely than not, be in danger of being subjected to torture there. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004). Accordingly, the agency properly denied his CAT claim.

■ Finally, Benitez–Pena argues that the IJ abused his discretion and denied him due process of law when he denied his requests for: (1) a change of venue from Buffalo, New York to Los Angeles, California; and (2) a continuance when his attorney failed to appear at the merits hearing. We review the BIA's affirmance of an IJ's decision to deny a motion for a continuance or a change of venue for an abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir.2006) (continuance); *Monter v. Gonzales*, 430 F.3d 546, 558 (2d Cir.2005) (change of venue).

Regarding motions for a change of venue, even if an IJ abuses his discretion, "an incorrect decision ... would entitle petitioner to a remand only if he could show that it caused him prejudice." *Monter*, 430 F.3d at 559 (internal quotation marks and alterations omitted). Based on the

---

**2.** Because the BIA assumed that "gay men [were] a cognizable particular social group,"

we need not examine that issue. *Cf. Manzur v. DHS*, 494 F.3d 281, 292 n. 4 (2d Cir.2007).

452

record here, we agree with the BIA that Benitez–Pena failed to establish that "the denial of the venue change affected either the outcome or the overall fairness of" his hearing. *Id.* (internal quotation marks omitted). For example, he failed to offer any evidence to show how the testimony of his proposed witnesses would have buttressed his claims. As such, the BIA's affirmation of the IJ's denial of his change of venue motion was not an abuse of discretion.

Regarding the IJ's denial of his motion for a continuance, Benitez–Pena argues that the IJ abused his discretion and that the failure to grant a continuance deprived Benitez–Pena of the assistance of his counsel and thus due process of law. Because immigration proceedings are civil, not criminal, "[a]n asylum applicant ... enjoys no specific right to counsel, but only a general right to due process of law under the Fifth Amendment of the Constitution." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005). Here, regardless of whether the IJ abused his discretion in denying the continuance, the absence of Benitez–Pena's counsel did not result in a violation of due process because there is no indication that he failed to receive a "full and fair opportunity to present [his] claims." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006) (internal quotation marks omitted). Over the course of the hearing, the IJ made a significant effort to ensure that Benitez–Pena understood the nature of the proceedings, and asked him multiple times to explain himself and to provide further details about his alleged fear of persecution in Mexico. On the basis of this record, because Benitez–Pena has not demonstrated that the IJ's denial of a continuance amounted to a violation of his Fifth Amendment right to due process of law, we will not disturb the BIA's decision.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.