11-2159-ag
Agbomah v. Holder

BIA
Mulligan, IJ
A074 767 972

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of May, two thousand twelve.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
　　　Circuit Judges.
_____

GODWIN IKE AMULOSI AGBOMAH,
　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　11-2159-ag
　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　*Respondent*.
_____

FOR PETITIONER:　　Judy Resnick, Far Rockaway, NY.

FOR RESPONDENT:　　Tony West, Assistant Attorney General; John Hogan, Senior Litigation Counsel; Ashley Y. Martin, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Godwin Ike Amulosi Agbomah, a native and citizen of Nigeria, seeks review of the April 29, 2011, order of the BIA denying his motion to reopen. *In re Godwin Ike Amulosi Agbomah*, No. A074 767 972 (B.I.A. Apr. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Agbomah's motion to reopen was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Agbomah contends that the BIA engaged in improper factfinding. However, because he filed his motion to reopen with the BIA and not the immigration judge ("IJ"), the BIA had the power to make findings of fact in order to determine whether Agbomah presented previously unavailable evidence. *See* 8 C.F.R. § 1003.2(a), (c); *cf.* 8 C.F.R. § 1003.1(d)(3)(iv).

Furthermore, the BIA did not abuse its discretion in denying his motion on the basis that the evidence he sought

to offer was not previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1) (2011); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). In support of his asylum claim, Agbomah submitted only a sworn statement claiming past persecution in 1994 and 1999 in Nigeria that he could have presented during his hearings in 2005 and 2009. *See Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). The BIA therefore reasonably found that Agbomah failed to present previously unavailable evidence. *See* 8 C.F.R. § 1003.2(c)(1).

Agbomah's claim that the BIA violated his due process rights by depriving him of the opportunity to file an asylum application is also unavailing. Agbomah had ten years before the IJ ordered him removed to submit an asylum application based on the events that he alleges he experienced more than a decade ago, yet did not. He does not allege that circumstances in Nigeria had changed in a way material to his claim, and his election to delay filing an asylum application is not a basis for accepting an untimely filed asylum application. *See* 8 U.S.C. § 1229A(c)(7)(C)(ii). Moreover, when Agbomah finally presented his asylum claim, he failed to submit the requisite asylum application with his motion to reopen. *See*

8 C.F.R. § 1208.4(b)(4); *Yuen Jin v. Mukasey,* 538 F.3d 143, 151 (2d Cir. 2008). The BIA, therefore, did not deprive Agbomah of a "full and fair hearing." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006).

Because the BIA denied the motion to reopen on the permissible ground that the evidence presented was not previously unavailable, it was not required to address the merits of Agbomah's claim. *See Zheng v. U.S. Dept. of Justice*, 409 F.3d 43, 48 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk