Salazar-Asencio v. Bondi

BIA
Drucker, IJ
A220 321 020/021/028/029

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

DIEGO SALAZAR-ASENCIO, ERMINIA MADAI HENRIQUEZ-SALAZAR, DIEGO SALAZAR-HENRIQUEZ, HAZEL SALAZAR-HENRIQUEZ,

*Petitioners*,

v.                                                    **24-1230**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**

*Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Rosemarie A. Barnett, Law Office of Rosemarie Barnett, PLLC, Freeport, NY. |
| **FOR RESPONDENT:** | Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Vanessa M. Otero, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Diego Salazar-Asencio, Erminia Madai Henriquez-Salazar, and two of their minor children, natives and citizens of El Salvador, seek review of a decision of the BIA denying their motion to reopen their removal proceedings. *See In re Salazar-Asencio*, Nos. A220 321 020/021/028/029 (B.I.A. Apr. 5, 2024). Petitioners also move for a stay of removal pending adjudication of this petition. We assume the parties' familiarity with the underlying facts and procedural

history.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), and we review a petitioner's constitutional claims and questions of law, including claims of ineffective assistance of counsel, *de novo, see Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). In this case, the motion to reopen was based on an assertion of ineffective assistance of counsel. A movant raising an ineffective assistance of counsel claim must first comply with specific procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F. 3d 43, 45 (2d Cir. 2005) ("[A]n alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court."). Then, "[t]o demonstrate ineffective assistance of counsel, [a movant] must show that counsel's performance fell below an objective standard

3

of reasonableness and that he was prejudiced as a result of such deficient performance." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (internal quotation marks omitted).

Salazar-Asencio alleged that his former counsel failed to (1) keep in contact with him or explain the strength of his case, (2) prepare him for his merits hearing or explain why he would not be testifying, (3) submit updated country conditions that would show El Salvador is still dangerous, (4) apply to the Department of Homeland Security for prosecutorial discretion despite stating he would and despite having Salazar-Asencio provide all documents to support such a request, (5) file a brief to the BIA even though he was retained to do so, and (6) file a motion to reopen as he had promised after the BIA dismissed Salazar-Asencio's petition for failure to file a brief.

The BIA did not err in finding that Salazar-Asencio fulfilled the *Lozado* requirements only as to his claim regarding the failure to file a brief. He was required to submit proof that "former counsel [was] informed of the allegations and allowed the opportunity to respond." *Lozada* 19 I. & N. Dec. at 639. Here, Salazar-Asencio provided an affidavit stating that he filed a complaint with a New

4

York attorney grievance committee, *see* Cert. Admin. R. at 52, and that complaint listed all six of his allegations of ineffective assistance, *see id.* at 126–28. However, Salazar-Asencio did not attest that he served that complaint on former counsel, or that counsel had an opportunity to respond to the allegations. *Cf. Avendano Bonilla v. McHenry*, No. 23-7487, 2025 WL 313863, at *2 (2d Cir. Jan. 28, 2025) (Petitioner "did not comply with the *Lozada* requirements because, while he filed a grievance in New York with the Third Department's Attorney Grievance Committee, he did not inform his former counsel of his allegations or give her the opportunity to respond.").

Furthermore, the email from Salazar-Asencio's current counsel to his former counsel purporting to summarize their conversation discussing the claim of ineffective assistance mentions only that they discussed the failure to file a brief with the BIA. Salazar-Asencio's argument that the BIA should have allowed him to file an affirmation that his current counsel discussed all claims of ineffectiveness with his former counsel is unpersuasive as there is no such affirmation in the record or evidence that one exists. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the

5

order of removal is based.").  In sum, because there is no evidence that former counsel knew of any allegations of ineffective assistance of counsel except his failure to file a brief to the BIA, the BIA did not err in declining to consider the other allegations.  *See Lozada* 19 I. & N. Dec. at 639; *see also Jian Yun Zheng*, 409 F.3d at 45.

We find no error in the BIA's conclusion that Salazar-Asencio failed to establish prejudice from former counsel's failure to file a brief on appeal to the BIA.  In order to establish ineffective assistance on the part of his former attorney, Salazar-Asencio had to "show that, but for counsel's unprofessional errors, there is a reasonable probability the [agency] would have granted the relief [he] requested."  *Paucar*, 84 F.4th at 80 (internal quotation marks omitted).  A reasonable probability "is demonstrated where a movant makes a *prima facie* showing that, but for counsel's ineffectiveness, he would have been eligible for relief, and could have made a strong showing in support of his application."  *Id.* at 80–81 (alteration accepted and internal quotation marks omitted).  The BIA cited this correct standard.  *See* Cert. Admin. R. at 3–4.

Having applied the correct standard, the BIA did not err in concluding that

6

Salazar-Asencio failed to establish prejudice. Salazar-Asencio needed to show a reasonable probability that his brief to the BIA could have shown error in the IJ's findings that (1) he failed to establish a nexus between a protected ground and the gang members' extortion demands and threats, and (2) the Salvadoran government was not unable or unwilling to protect him and would not acquiesce to his torture by gangs. But Salazar-Asencio's motion identified no evidence or arguments that could have been presented on appeal to the BIA. *See* 8 U.S.C. § 1229a(c)(7)(B) (providing that motions to reopen must "state new facts that will be proven" if proceedings are reopened). His contention that he could not provide such evidence "given the extremely tight time constraint" in filing the motion to reopen within 90 days of the BIA's summary dismissal of his appeal, Pet. Br. at 9, is unpersuasive for the simple reason that Salazar-Asencio had the burden to establish prejudice. The record reflects that he could have attempted to supplement the motion between its filing in January 2024 and the BIA's April 2024 decision, particularly since a motion to reopen alleging ineffective assistance of counsel can be filed outside the 90-day deadline so long as the movant shows deficient performance by counsel, prejudice, and due diligence in pursuing his

7

claim.  *See Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008) (describing the requirements for equitably tolling the deadline to file a motion to reopen based on ineffective assistance of counsel).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.  Petitioners' motion for a stay of removal pending adjudication of this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court