**SHU QIN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* U.S. Department of Homeland Security, Respondent.**

No. 04–6525–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

**70**

Wei Jia, Boston, MA, for Petitioner.

Robert William Yalen, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Sarah S. Normand, Assistant United States Attorney, of counsel), New York, NY, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Shu Qin Chen petitions for review of the decision of the Board of Immigration Appeals ("BIA"), denying as untimely his motion to reopen the removal proceedings, notwithstanding Chen's allegation that the untimeliness was caused by ineffective assistance of counsel. We assume familiarity with the facts, the procedural history, and the issues on appeal.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Guan v. Board of Immigration Appeals,* 345 F.3d 47, 48 (2d Cir.2003).

Under *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (1988), an immigration petitioner alleging ineffective assistance of counsel must [i] file an affidavit detailing the agreement with counsel and counsel's failure to perform; [ii] give counsel the opportunity to respond to the allegations; and [iii] file a complaint with the relevant disciplinary authorities or explain why no such filing was made. "[A]n alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. United States DOJ,* 409 F.3d 43, 47 (2d Cir.2005).

The BIA did not abuse its discretion in denying the motion to reopen. While Chen alleged that he was unable to fulfill *Lozada* because he had been given a brief interval to file the motion, Chen failed thereafter to [i] alert the BIA to any efforts he was making to comply with the *Lozada* or [ii] supplement his motion to reopen with *Lozada* documentation in the intervening six weeks before the BIA ruled. This Court cannot consider the validity of Chen's claim in the first instance because the very purpose of *Lozada* is to ensure a complete administrative record. *Lozada,* 19 I. & N. Dec. at 639.

If Chen's account of the facts and circumstances are accurate and credited, it is possible that, even now, he could file a second motion to reopen to reflect compliance or efforts to comply with *Lozada,* subject to applicable procedural limitations. *See* 8 C.F.R. § 1003.2; BIA Prac. Man. Ch. 5.6. It is to be expected that such a submission would be afforded due consideration.

We have considered all of Chen's remaining arguments and find them to be without merit. For the foregoing reasons, we dismiss the petition for review.