**KUN GUANG ZHENG, Petitioner,**

v.

**IMMIGRATION and
NATURALIZATION SERVICE,
Respondent.**

No. 06–4823–ag.

United States Court of Appeals,
Second Circuit.

July 6, 2007.

Kun Guang Zheng, Pro Se, New York,
NY, for Petitioner.

Peter D. Keisler, Assistant Attorney
General, Civil Division, Cindy S. Ferrier,
Senior Litigation Counsel, Rebecca A. Ni-
burg, Trial Attorney, Office of Immigra-
tion Litigation, Civil Division, U.S. De-
partment of Justice, Washington, D.C., for
Respondent.

PRESENT: Hon. JON O. NEWMAN,
Hon. GUIDO CALABRESI and Hon.
RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Kun Guang Zheng, a native and citizen
of the People's Republic of China, seeks
review of a September 29, 2006, order of
the BIA denying his motion to reopen his
removal proceedings. *In re Kun Guang
Zheng*, No. A79 682 700 (B.I.A. Sept. 29,
2006). We assume the parties' familiarity
with the underlying facts and procedural
history of the case.

When the BIA denies a motion to re-
open, we review the BIA's decision for an
abuse of discretion. *See Twum v. INS*,
411 F.3d 54, 58 (2d Cir.2005)

The BIA did not abuse its discretion in
denying Zheng's motion because he failed
to show that he substantially complied
with the requirements established in *Mat-
ter of Lozada*, 19 I. & N. Dec. 637 (B.I.A.
1988). According to *Lozada*, an individual
seeking relief on the basis of ineffective
assistance of counsel must submit: (1) an
affidavit setting forth in detail the agree-
ment with former counsel concerning what
action would be taken and what counsel
did or did not represent in this regard; (2)
proof that the former counsel was notified
of the allegations of ineffective assistance
and allowed an opportunity to respond;
and (3) if a violation of ethical or legal
responsibilities is claimed, a statement as

to whether the petitioner has filed a complaint with any disciplinary authority regarding counsel's conduct and, if not, an explanation for not doing so. *Id.* at 639.

We have never required "slavish adherence" to *Lozada* requirements; indeed, we have found that only "substantial compliance" is necessary. *Yi Long Yang v. Gonzales,* 478 F.3d 133, 142–43 (2d Cir.2007). However, Zheng failed to show "substantial compliance" with *Lozada,* as he did not submit proof that he notified his former counsel of his allegations of ineffective assistance. Nor is there anything in the record to show his former counsel's awareness of those allegations. Because a petitioner who has failed to comply substantially with the *Lozada* requirements forfeits his ineffective assistance of counsel claim, Zheng's motion fails. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).