Alla NETSAJEVA, Igor Netsajev, Igor Shahvorostov, Petitioners,

v.

Peter D. KEISLER,[1] Respondent.

Nos. 03–4412–ag (L); 03–4449–ag (Con); 03–4450–ag (Con).

United States Court of Appeals, Second Circuit.

Oct. 10, 2007.

---

1. We amend the official caption to name Acting Attorney General Peter D. Keisler as the proper respondent in this case. *See* 8 U.S.C. § 1252(b)(3)(A).

Alexander J. Segal, Grinberg & Segal, PLLC, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Stuart S. Nickum, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Alla Netsajeva, Igor Netsajev, and Igor Shahvorostov, all natives of the former Soviet Union, seek review of a February 5, 2003 decision of the BIA denying the lead petitioner's motion to reopen. *In re Alla Netsajeva*, Nos. A78 206 466/467/468 (B.I.A. Feb. 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As Netsajeva concedes, the consolidated petitions for review are timely only with respect to the BIA's denial of her motion to reopen. Thus, we are precluded from addressing the merits of Netsajeva's underlying claim for relief, and we review only the denial of her motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). We decline to consider Netsajeva's ineffective assistance of counsel argument because she failed to raise this argument in her motion to reopen. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005). Accordingly, the only issue before us is whether the BIA abused its discretion in denying her motion to reopen for "deferral of deportation."

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or

statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted).

■ In her motion to reopen, Netsajeva did not argue that the IJ erroneously designated Estonia and Russia as the countries of removal, nor did she argue that the IJ's grant of voluntary departure was erroneous. Rather, she sought only "deferral of deportation" because she claimed that she was unable to secure any travel documents from Estonia or Russia. Thus, Netsajeva was essentially seeking an extension of the voluntary departure period so that she could have more time to secure documents and comply with the order. However, as the BIA noted, only the district director holds the authority to adjust the period during which an alien may voluntarily depart the United States. 8 C.F.R. § 1240.57. Accordingly, the BIA did not abuse its discretion in dismissing Netsajeva's request for an extension of the voluntary departure period.

■ Moreover, the BIA did not abuse its discretion in concluding that Netsajeva failed to present any material, previously unavailable evidence regarding her purported inability to obtain travel documents from Estonia or Russia. *See* 8 C.F.R. § 1003.2(c)(1). First, there is no evidence in the record indicating when Netsajeva initially requested assistance from the Estonian and Russian Embassies, nor are any copies of Netsajeva's initial correspondence with the Embassies included in the record. Without this, it is unclear what questions she asked the Embassy and whether the information could have been obtained prior to the filing of her motion to reopen. Second, it appears that the information from the Estonian Embassy was not new information, since a similar response from the Embassy was submitted with her initial asylum application. Third, the responses from the Estonian Embassy indicate merely that Netsajeva has not formally filed an application for residence; the letters are not clear that her application would be denied. Accordingly, the BIA did not err in finding that Netsajeva failed to present material evidence that was previously unavailable.

■ For the first time in her brief to this Court, Netsajeva argues that Estonia's purported denial of her right to residency is a form of persecution on account of her nationality. However, she failed to raise this claim to the agency below, and thus we are precluded from considering it. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, petitioners' pending motion for a stay of removal in these petitions is DENIED as moot.