Jamal NSHANOVA, Petitioner,

v.

Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.

No. 07–0101–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Bruno J. Bembi, Hempstead, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; David V. Bernal, Assistant Director; Stuart S. Nickum, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jamal Nshanova, a citizen of Uzbekistan, seeks review of a December 14, 2006 order of the BIA affirming the June 3, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying Nshanova's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jamal Nshanova,* No. A 97 849 560 (B.I.A. Dec. 14, 2006), *aff'g* No. A 97 849 560 (Immig. Ct. N.Y. City, June 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

I. *Appeal*

██ We conclude that substantial evidence supports the agency's determination that Nshanova failed to demonstrate past persecution or a well-founded fear of persecution on account of her religion. Nshanova described being ostracized by her family after converting to Catholicism, and feeling threatened by a man on a bus

because she wore a cross. She also claimed that it was "very difficult" to be Catholic in Uzbekistan because the "only" Catholic church was "owned" by the state, no Catholic literature was sold or published in her country, and her friends "refused to speak with [her]." However, as the IJ noted, Nshanova was never arrested or harmed on account of her religion. Under these circumstances, the BIA reasonably found that the treatment experienced by Nshanova constituted "harassment and discrimination" that did not rise to the level of past persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *see also Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.").

■ Similarly, the record supports the agency's determination that Nshanova failed to establish a well-founded fear of persecution based on her conversion to Christianity. The IJ noted that the State Department reports in the record indicated that Uzbekistan's government prohibits proselytizing and severely restricts activities such as the dissemination of religious literature. In addition, the BIA observed that the reports indicated that while the Uzbek government sought to restrict certain religious activities, it permitted the existence of non-Muslim religions, such as Catholicism. Indeed, one report indicates that the government allows the officially registered office of the Roman Catholic Church to publish, import, and distribute religious literature. In light of the background materials, the agency reasonably found that Nshanova failed to demonstrate a well-founded fear, where, as the IJ noted, she never alleged that she proselytized or tried to convert other Muslims. *See Ivanishvili*, 433 F.3d at 341. As such,

substantial evidence supports the denial of Nshanova's asylum application.

The Government argues that we are without jurisdiction to consider Nshanova's challenge to the agency's denial of her withholding of removal and CAT claims. However, this argument is unavailing because the BIA addressed those claims in its decision. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994) (finding that if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court). Nevertheless, because Nshanova was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

## II. *Motion to Reopen*

■ In its decision, the BIA construed Nshanova's appellate brief as containing a motion to reopen, which it denied. We review the agency's denial of a motion to reopen for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

To the extent that Nshanova's motion to reopen was based on ineffective assistance of counsel, the BIA did not abuse its discretion in denying the motion where she failed substantially to comply with the re-

quirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). There is no indication that Nshanova notified her previous attorney of the allegations of ineffective assistance against him, thus allowing him an opportunity to respond, or that she filed a complaint with a disciplinary authority or provided an explanation for not doing so. *See Twum,* 411 F.3d at 59 (citing *Lozada,* 19 I. & N. Dec. at 639). By failing to take these measures, Nshanova "forfeit[ed] her ineffective assistance of counsel claim." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir. 2005). We therefore do not reach the issue of whether she was prejudiced by her prior attorney's failure to raise the claim that she suffered past persecution as a member of a particular social group.

■ Furthermore, the BIA reasonably declined to reopen Nshanova's proceedings to the extent that any such request was based on new evidence. 8 C.F.R. § 1003.2(c)(1). The BIA accurately concluded that the affidavit Nshanova submitted in support of her motion was merely a "duplicate" of the allegations averred in her previous statement. The BIA also accurately observed that some of the evidence Nshanova submitted pre-dated the June 2005 decision of the IJ, and therefore was not new. While the 2005 State Department Report on International Religious Freedom for Uzbekistan was not available at the time of Nshanova's hearing, the BIA accurately found that it does not demonstrate a worsening of conditions in Uzbekistan such that Nshanova had a well-founded fear of persecution. Rather, the report reflects a continued level of government restriction on religious freedom, but states that "Christian churches are for the most part tolerated as long as they do not attempt to win converts among ethnic Uzbeks." Accordingly, the BIA reasonably denied Nshanova's motion to reopen, and provided adequate reasoning for doing so. *Cf. Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED.