SUMMARY ORDER

Mei Hong Cao, a native and citizen of China, seeks review of a July 19, 2007 order of the BIA denying her motion to reopen. In re Mei Hong Cao, No. A95 866 906 (B.I.A. Jul. 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
This Court reviews the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conelusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).
“A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.” 8 C.F.R. § 1003.2(c)(1) (2005). Here, the BIA properly found that Cao had failed to establish that the evidence she provided in support of her motion to reopen was not available and could not have been discovered or presented at the former hearing.
In moving to reopen her case, Cao relied exclusively on an “Original Certificate from HongYi Villager Committee” that purports to “certify that Cao, MeiHong has been working continually as a baby sitter in HongYi Village ... from the year of 1989 to 2001.” We have held that where a petitioner makes “no effort to demonstrate that the [ ] additional documentary evidence” meets the requirements that “it (1) is material, (2) was not previously available, and (3) could not have been discovered or presented at the initial hearing,” the BIA is under no obligation to consider it. See Jian Yun Zheng v. U.S. Dep’t of Justice, 409 F.3d 43, 48 (2d Cir. 2005). Although Cao correctly notes that this certificate postdates her proceedings before the Immigration Judge, she does not explain why she failed to obtain such a document earlier. Because Cao made no effort to explain why this certificate was previously unavailable or undiseoverable, the BIA’s decision to deny the motion was neither arbitrary nor capricious. Id. Therefore, the BIA did not abuse its discretion in denying the motion. Kaur, 413 F.3d at 233-34.
*347 For the foregoing reasons, the petition for review is DENIED.