**Tonin GJURAJ, Liza Gjuraj, Vilma Gjuraj, Daniela Gjuraj, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 07–4111–ag.

United States Court of Appeals, Second Circuit.

Oct. 3, 2008.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Susan Houser, Senior Litigation Counsel, Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Tonin, Liza, Vilma, and Daniela Gjuraj, natives and citizens of Albania, seek review of a September 20, 2007 order of the BIA denying their motion to reopen deportation proceedings. *In re Tonin/Liza/Vilma/Daniela Gjuraj,* Nos. A73 555 747/748/749/750 (B.I.A. Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying the Gjurajes' motion to reopen based on a claim of ineffective assistance of counsel. The Immigration and Nationality Act ("INA") provides that a motion to reopen must be filed within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). Notwithstanding that time limitation, an individual claiming ineffective assistance of counsel may seek to reopen his proceedings by showing, *inter alia,* substantial compliance with the requirements established by the BIA in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988); *see Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir. 2005). An individual seeking relief on the basis of ineffective assistance of counsel must submit: (1) an affidavit setting forth in detail the agreement with former coun-

sel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the former counsel was notified of the allegations of ineffective assistance and allowed an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the petitioner has filed a complaint with any disciplinary authority regarding counsel's conduct and, if not, an explanation for not doing so. *Matter of Lozada*, 19 I. & N. Dec. at 639.

As we have held, a "slavish adherence" to the *Lozada* requirements is not necessary. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir.2007). Instead, only "substantial compliance" is required. *Id.* at 142. In the instant case, the BIA properly found that the Gjurajes failed to comply with *Lozada* where: (1) they did not indicate when their prior attorneys were informed of the complaints against them and whether the attorneys had an opportunity to respond, and (2) the Gjurajes did not submit a detailed affidavit setting forth their agreements with their prior attorneys or provide any explanation for such failure. *See Jian Yun Zheng*, 409 F.3d at 47 (finding that the BIA did not abuse its discretion in rejecting petitioner's ineffective assistance of counsel claim where she did not comply with *Lozada*, and did not make any effort to explain that failure). Because a petitioner who has failed to comply substantially with the *Lozada* requirements forfeits his ineffective assistance of counsel claim, the Gjurajes' petition for review fails. *See id.* Accordingly, we find it unnecessary to consider the BIA's alternate findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).