SUMMARY ORDER

Xiu Rong Chen and Tso Hwai Pan, both natives and citizens of the People’s Republic of China, seek review of a June 5, 2008 order of the BIA denying their motion to reopen their immigration proceedings. In re Xiu Rong Chen, Tso Hwai Pan, Nos. A077 545 474, A029 882 548 (B.I.A. June 5, 2008). We assume the parties’ familiarity with the underlying facts and procedural histoiy of the case.
As a preliminary matter, to the extent that Petitioners attempt to challenge the merits of the agency’s underlying denial of their applications for asylum, withholding of removal, and Convention Against Torture (“CAT”) relief, that decision is not properly before this Court, and we dismiss the petition for review to that extent. See Stone v. INS, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 89-90 (2d Cir.2001). Only the BIA’s June 2008 decision is before us as that is the only decision from which a petition for review was timely filed. See 8 U.S.C. § 1252(b)(1).
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evi- *862 denee of country conditions in evaluating a ■motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
An alien may only file one motion to reo2oen and must do so within 90 days of the final administrative decision. 8 C.F.R. §. 1003.2(c)(2). Additionally, a motion to reconsider an agency decision must be filed within 30 days after the issuance of that decision. 8 C.F.R. § 1003.2(b)(2). Here, it is beyond dispute that Petitioners’ motion was untimely. See 8 C.F.R. § 1003.2(b)(2), (c)(2).
In certain circumstances, the filing deadline may be equitably tolled based on a claim of ineffective assistance of counsel. Here, however, Petitioners forfeited any ineffective assistance of counsel claim because they failed to comply with any of the requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A.1988). See Jian Yun Zheng v. U.S. Dep’t of Justice, 409 F.3d 43, 47 (2d Cir.2005); cf. Yi Long Yang v. Gonzales, 478 F.3d 133, 142-43 (2d Cir.2007).
There is also no time or numerical limitation on a motion to reopen where the alien establishes materially “changed circumstances arising in the country of nationality.” 8 C.F.R. § 1003.2(c) (3) (ii). Nevertheless, substantial evidence supports the BIA’s finding that Petitioners .failed to establish such changed circumstances. See Jian Hui Shao, 546 F.3d at 169. Although the village notice they submitted was issued subsequent to their hearing before the IJ, that notice does not indicate that any change in policy has occurred; to the contrary, it indicates that the village committee was issuing the notice “once again.” Moreover, the medical records Petitioners submitted do not concern conditions in China. Because Petitioners point to no evidence compelling a conclusion contrary to that of the BIA, the BIA did not abuse its discretion in denying then’ motion as untimely. See id.
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Additionally, the pending motion for a stay of removal and motion to remand in this petition are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).