Konate v. Holder

BIA
A094 824 565

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

MOUSSA KONATE,
> *Petitioner,*

v.                                    12-64
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jamie B. Naini, Memphis, TN.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Richard Evans,
                       Assistant Director; Brooke M.
                       Maurer, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Moussa Konate, a native and citizen of Mali, seeks review of a December 9, 2011, decision of the BIA denying his motion to reopen his removal proceedings, *In re Moussa Konate*, No. A094 824 565 (B.I.A. Dec. 9, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).  Here, it is undisputed that Konate's motion to reopen was filed one day past the ninety-day filing period for a motion to reopen.  *See* 8 C.F.R. § 1003.2(c)(2).  Therefore, the BIA did not abuse its discretion in denying Konate's motion to reopen as untimely. Konate argues on appeal that the BIA should have considered whether he was entitled to equitable tolling of the filing deadline.  However, this claim is unexhausted, as before the BIA Konate neither asserted that he was entitled to equitable tolling nor acknowledged that his motion was untimely.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

2

Additionally, to warrant equitable tolling, an alien must demonstrate ineffective assistance of counsel by showing that competent counsel would have acted otherwise, and that he was prejudiced by his counsel's performance, none of which Konate has alleged. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). Even if Konate had alleged ineffective assistance of counsel, however, no prejudice resulted from his counsel's actions because the BIA did not err in determining that Konate's new evidence did not demonstrate that he had testified truthfully at his original merits hearing and thus established good moral character for the purposes of eligibility for cancellation of removal. *See Rabiu v. INS,* 41 F.3d at 879, 882 (2d Cir. 1994); *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 48 n.2 (2d Cir. 2005).

Finally, we lack jurisdiction to review the BIA's discretionary decision not to reopen Konate's proceedings *sua sponte*. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk