Perla v. Barr

BIA
Sichel, IJ
A094 100 352

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty.

PRESENT:
 ROBERT A. KATZMANN,
  *Chief Judge,*
 JON O. NEWMAN,
 SUSAN L. CARNEY,
  *Circuit Judges.*

_____

JOSE R. PERLA,
  *Petitioner,*

 v.                                          18-109
                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel, Jesse Lloyd Busen, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose R. Perla, a native and citizen of El Salvador, seeks review of a December 21, 2017, decision of the BIA affirming a May 11, 2017, decision of an Immigration Judge ("IJ") denying Perla's motion to reopen. *In re Jose R. Perla,* No. A 094 100 352 (B.I.A. Dec. 21, 2017), *aff'g* No. A 094 100 352 (Immig. Ct. N.Y. City May 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review a denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). The agency did not abuse its discretion in declining to reopen because Perla did not present new evidence that was previously unavailable. *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *see also* 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and

2

was not available and could not have been discovered or presented at the former hearing."). Perla attached to his motion to reopen an asylum officer's 1998 notes and a 2011 BIA decision temporarily suspending his former counsel from practicing before the BIA. Both of these documents predated Perla's 2016 immigration proceedings. Perla argues that these documents were unavailable to him because he did not have notice that his credibility was in question. However, the record reflects that he was questioned about inconsistencies at his hearing and thus was on notice that his credibility was at issue. Moreover, Perla had "the ultimate burden of introducing [corroborating] evidence without prompting from the IJ." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).

To the extent that Perla moved to reopen based on ineffective assistance of counsel, the agency correctly found that he failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Perla failed to provide an affidavit detailing his agreement with his former counsel, show that he informed his prior counsel of his allegations, and explain why he did not file

3

any complaints against his attorney. *See id*. at 639. Perla is incorrect that *Matter of Compean,* 24 I. & N. Dec. 710 (A.G. 2009), overruled *Matter of Lozada* because the Attorney General vacated *Matter of Compean* and held that the agency "should apply the pre-*Compean* standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed." *Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009). Accordingly, Perla has forfeited his ineffective assistance of counsel claim. *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) (holding that "alien who has failed to comply substantially with the *Lozada* requirements . . . before the BIA forfeits h[is] ineffective assistance of counsel claim in this Court").

Lastly, Perla's remaining arguments are not properly before this Court. His petition is timely only as to the denial of the motion to reopen, not the underlying decision ordering him removed and denying cancellation of removal. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89-90 (2d Cir. 2001). Accordingly, we are precluded from reviewing his challenges to the merits of the adverse

4

credibility determination and the actions of the asylum officer prior to his 2001 removal order.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court