Eldemerdash v. Barr

BIA
A061 905 354

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

MOHAMED KHALED ELDEMERDASH, AKA
MOHAMMED ELDEMERDASH, AKA
MOHAMMED KHALED EL DEMERDASH,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-1956
NAC

_____

**FOR PETITIONER:** Kareem El Nemr, Esq., Astoria, NY.

**FOR RESPONDENT:** Ethan P. Davis, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel, Edward C. Durant, Attorney, Office of Immigration Litigation, United

States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Khaled Eldemerdash, a native and citizen of Egypt, seeks review of a June 14, 2018 decision of the BIA denying his motion to reopen. *In re Mohamed Khaled Eldemerdash,* No. 061 905 354 (B.I.A. June 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because Eldemerdash timely petitioned for review only of the BIA's June 2018 decision denying his motion to reopen, our review is limited to that decision, and we may not consider the agency's underlying decision denying his petition to remove the conditions on his residence. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89--90 (2d Cir. 2001). We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is

2

material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) ("[I]n reviewing the BIA's determination of whether previously unavailable evidence supported [a] motion to reopen, we must inquire whether the evidence could have been presented at the hearing before the IJ.").

The BIA did not err in determining that Eldemerdash failed to establish that the evidence he submitted with his motion to reopen was previously unavailable. Eldemerdash's documents consisted of a log of calls between himself and his former wife in 2009, emails between himself and his former wife from 2009 to 2010, a 2013 divorce decree, his former wife's 2015 death certificate, and documents showing he lived in North Carolina—where his former wife had lived—in 2011. All of this evidence predated his 2016 hearing and he conceded in his motion to reopen that the evidence was available, but that his previous attorney had failed to submit it. To the extent he argues that the failure to present the evidence earlier should be excused because of ineffective assistance of counsel, he forfeited that argument by failing to make any effort to comply with the procedural requirements for an

3

ineffective assistance claim set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) ("[A]n alien who has failed to comply substantially with the *Lozada* requirements in [his] motion to reopen before the BIA forfeits [his] ineffective assistance of counsel claim in this Court."). Eldemerdash's failure to present new, previously unavailable evidence is dispositive, and we do not reach the BIA's alternative discussion of his prima facie eligibility for a waiver of the joint petition requirement. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (listing three independent grounds for denial of a motion to reopen: failure to show prima facie eligibility for relief; failure to present new, previously unavailable evidence, and in cases involving discretionary relief, a failure to show relief is warranted as matter of discretion); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Finally, Eldemerdash did not exhaust his argument that his divorce was not valid for immigration purposes or show how, absent a divorce, he met the requirements to remove the conditions on

his status.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (holding that we are generally limited to review of issues raised before the agency).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court