*Zheng v. Barr*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.

Present:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

MEI BIN ZHENG,

> *Petitioner*,

> v.                                                                No. 18-103

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

---

For Petitioner:                    Rebecca A. McCarthy, Esq., Ezequiel Hernandez PLLC, Queens, NY.

For Respondent:                    Joseph H. Hunt, Assistant Attorney General; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED in part and DENIED in part**.

Petitioner Mei Bin Zheng, a native and citizen of the People's Republic of China, seeks review of a December 15, 2017 decision of the Board of Immigration Appeals ("BIA"), in which the BIA affirmed a March 28, 2017 decision of an Immigration Judge ("IJ") denying Zheng asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Mei Bin Zheng,* No. A205 304 862 (B.I.A. Dec. 15, 2017), *aff'g* No. A205 304 862 (Immig. Ct. N.Y. City Mar. 28, 2017). The BIA also denied Zheng's motion to remand based on ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Asylum, Withholding, and CAT Relief

The BIA affirmed the IJ's denial of asylum and withholding of removal based solely on the IJ's determination that Zheng had failed to establish his identity, and by extension, his nationality. Although the IJ's decision rested on additional grounds, because the BIA did not address them, "[w]e review the IJ's decision as modified by the BIA, *i.e.*, minus the arguments for denying relief" that the BIA rejected or did not address. *Urgen v. Holder*, 768 F.3d 269, 272 (2d Cir. 2014) (per curiam); *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "The substantial evidence standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial, and probative evidence in the record. By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).[1]

An applicant may be granted asylum only if he is a "refugee." 8 U.S.C. § 1158(b)(1)(A).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

An applicant for asylum bears the burden of proof in establishing his status as a refugee. *See id.* § 1158(b)(1)(B)(i). "Refugee" is defined with respect to the relationship the applicant has to his country of nationality or last habitual residence:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

8 U.S.C. § 1101(a)(42)(A). Therefore, "a petitioner's nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). An "agency's finding that [a petitioner] failed to establish his nationality d[oes] not obviate the need to resolve conclusively [the petitioner's] country of nationality and citizenship." *Urgen v. Holder*, 768 F.3d 269, 273 (2d Cir. 2014) (emphasizing that "[a] finding with respect to the asylum applicant's nationality is . . . necessary because without it as a reference, the agency cannot analyze an applicant's claim of well-founded persecution").

While the BIA stated that Zheng failed to establish this threshold issue, barring him from asylum and withholding of removal, Zheng's nationality was undisputed. The Notice to Appear charged him as removable as a native and citizen of China, and Zheng conceded that allegation among others in the Notice to Appear. The IJ relied on those allegations, and Zheng's corresponding admissions, in finding him removable. Indeed, both the BIA and the IJ adopted those admitted allegations as a fact. *See* Admin. Record 4 (the BIA, referring to Zheng as a "native and citizen of China"); *id.* at 70 (the IJ, referring to Zheng as a "native and citizen of the People's Republic of China").

In nevertheless finding that Zheng had failed to establish his identity and nationality, the

3

BIA relied in part on its precedential decision in *In re O-D-*, 21 I. & N. Dec. 1079 (BIA 1998). However, in that case, the government disputed the authenticity of the applicant's identification documents and the IJ made an adverse credibility determination against the applicant, finding that the applicant's submission of fraudulent identification documents called the veracity of his testimony and other evidence into doubt. *See id.* at 1079, 1081–83. That is not the situation here. The IJ specifically found Zheng's testimony credible, just not sufficiently persuasive to carry Zheng's entire burden of proof. Zheng's supposed failure to establish his identity was relevant only insofar as it went to his nationality, and, as discussed above, Zheng's nationality was undisputed. Moreover, had Zheng failed to establish his nationality, the agency would still be required to make a determination as to his nationality or lack thereof. *See Urgen*, 768 F.3d at 273. Even if he had no nationality, Zheng could establish eligibility for asylum from China as his last country of habitual residence prior to entering the United States. *See Wangchuck*, 448 F.3d at 529.

The BIA also erred in finding Zheng's alleged failure to establish nationality dispositive as to his claim for withholding of removal. While an alien is only eligible for asylum as to the country of nationality, withholding of removal requires no nationality determination. Instead, the relevant statutory provision mandates broadly that "the Attorney General may not remove an alien to *a country* if the Attorney General decides that the alien's life or freedom would be threatened in *that country* because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (emphasis added). Given that an alien may be removed to additional countries beyond his country of nationality – for instance, his country of birth, a country where he has a residence, or any country that will accept him – withholding is therefore available as to the country of removal regardless of nationality. *See* 8 U.S.C. § 1231(b)(1)(C). Here, because Zheng was ordered removed to China, the agency

was required to consider the merits of his withholding claim as to that country regardless of whether Zheng had established Chinese nationality.

In conclusion, we find that the BIA erred in affirming denial of Zheng's applications for asylum and withholding of removal based on his purported failure to establish identity and nationality. We therefore remand to the BIA for further proceedings on each claim. Finally, while the BIA separately stated that Zheng failed to establish a CAT claim, it provided no explanation for that ruling; meanwhile, the IJ had denied CAT relief on the same grounds as asylum and withholding of removal. Accordingly, we also remand for further explanation of the denial of CAT relief. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

## II. Motion to Remand & Ineffective Assistance of Counsel

Zheng also petitions for review of the BIA's denial of his motion to remand based on alleged ineffective assistance of counsel. We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). To obtain remand based on ineffective assistance of counsel, a movant must establish that "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005). This includes a showing that competent counsel would have acted otherwise and that that the petitioner was prejudiced by his counsel's performance. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). The BIA did not err in denying Zheng's motion to remand based on ineffective assistance of counsel because he failed to establish prejudice stemming from the actions of either of his attorneys.

Zheng claims that his first attorney at Moslemi & Associates was ineffective because the attorney's colleagues perpetrated immigration fraud. Zheng offers no evidence, however, that his specific attorney committed fraud or that there was any fraud in his case. Zheng also contends that his second attorney Michael Kamen failed to inquire about his sexual identity, and that his sexual orientation would have provided him another basis for asylum. Zheng's affidavit, however, did not allege past persecution on account of his sexual orientation or that he feared future harm rising to the level of persecution. Zheng also argued that his second attorney failed to draw attention to his 2007 household register as evidence of identity before the IJ, but the IJ explicitly considered that document.

For the foregoing reasons, the petition for review is **GRANTED** as Zheng's claims for asylum, withholding of removal, and CAT relief, and **DENIED** as to Zheng's motion to remand on ineffective assistance of counsel. The BIA's decision is **VACATED** in relevant part and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6