Tupikin v. Garland

BIA
Conroy, IJ
A215 928 942

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of July, two thousand twenty-three.

PRESENT:
JON O. NEWMAN,
SUSAN L. CARNEY,
JOSEPH F. BIANCO,
*Circuit Judges.*
_____

NIKOLAY VLADIMIROVICH TUPIKIN,
*Petitioner,*

v.                                                        22-6043
                                                         NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:                B. Alan Seidler, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sarai M. Aldana, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nikolay Vladimirovich Tupikin, a native and citizen of Russia, seeks review of a December 29, 2021, decision of the BIA affirming a June 30, 2021, decision of an Immigration Judge ("IJ") insofar as it denied relief under the Convention Against Torture ("CAT").[1] *In re Nikolay Vladimirovich Tupikin*, No. A 215 928 942 (B.I.A. Dec. 29, 2021), *aff'g* No. A 215 928 942 (Immig. Ct. N.Y. City June 30, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

Tupikin challenges the agency's denial of a continuance and raises an ineffective assistance of counsel claim.

The Government asserts that our jurisdiction to review the denial of a

---

[1] Tupikin did not challenge the denial of asylum and withholding of removal before the BIA and does not address those forms of relief in his brief here.

continuance is limited to constitutional claims and questions of law. Generally, where, as here, a petitioner has been ordered removed for an aggravated felony, our jurisdiction is so limited. *See* 8 U.S.C. § 1252(a)(2)(C), (D). However, this jurisdictional limitation on our review of removal orders based on criminal grounds does not apply to review of CAT claims. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1689–92 (2020). This is because CAT orders "are not themselves final orders of removal and do not affect the final validity of such orders." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). Because Tupikin challenges the agency's denial of a continuance to present additional evidence in support of his CAT claim, the jurisdictional bar likely does not apply. *Id.*; *see also Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit."). Moreover, while 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of certain discretionary agency decisions, "the decision by an IJ or the BIA to grant or to deny a continuance in an immigration proceeding is not [such] a decision." *Sanusi v. Gonzales*, 445 F.3d 193, 198 (2d Cir. 2006). Accordingly, we

review the denial of the motion for a continuance for abuse of discretion. *Id.* at 199.

The agency did not abuse its discretion. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). "The agency abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding or cannot be located within the range of permissible decisions." *Garcia v. Garland*, 64 F.4th 62, 69 (2d Cir. 2023) (quotation marks and ellipses omitted).

DHS commenced removal proceedings on March 19, 2021. The IJ granted two continuances in April, one for Tupikin, who was detained and had ongoing quarantine measures during the pandemic, to find an attorney, and another for preparation with his attorney. At a scheduling hearing in May, counsel initially requested a June 28 merits hearing, but agreed to June 7 after the IJ requested an earlier date. On the day of the merits hearing, counsel renewed a motion to continue, stating that the jail where Tupikin was housed had a breakdown in its remote visitation system from May 25 to June 2. The IJ denied the motion, but

allowed counsel an hour to meet again with Tupikin via video conference. After that hour, the IJ asked counsel if he needed more time with Tupikin. Counsel responded: "No, Your Honor. I think we can proceed. Thank you for your patience."

Given that the request for a continuance was not made until the day of the merits hearing, counsel declined more time for discussion with Tupikin, and no argument was raised as to what additional time would accomplish, the IJ's decision to deny a third continuance is "located within the range of permissible decisions." *Garcia*, 64 F.4th at 69 (quotation marks omitted); *see also* 8 C.F.R. § 1003.29 (allowing continuance for "good cause"); *cf. Sanusi*, 445 F.3d at 200 ("The IJ granted two continuances, and nothing in the record suggests that his decision to deny a third request after months of delay was an abuse of discretion, notwithstanding [petitioner's] contention that further evidence would be forthcoming.").

Tupikin also argues that his former counsel rendered ineffective assistance by failing to identify on appeal to the BIA how he was prejudiced by the denial of a continuance. We generally would not consider this unexhausted claim. *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46 (2d Cir. 2005) (explaining that

"the BIA should consider ineffectiveness claims in the first instance . . . to avoid any premature interference with the agency's processes" (quotation marks omitted)); *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir. 2000) ("[T]he vehicle commonly used to redress claims of ineffective assistance of counsel in deportation proceedings has been an administrative motion to reopen proceedings."). However, the Supreme Court has recently held that there is no jurisdictional bar to review of claims that were not raised before the BIA, and that reopening and reconsideration are discretionary forms of review that noncitizens are not required to pursue in order to exhaust administrative remedies as required under 8 U.S.C. § 1252(d)(1). *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1117, 1120 (2023).

Accordingly, we deny the claim on the merits. To prevail on an ineffective assistance claim, the noncitizen must demonstrate both that "competent counsel would have acted otherwise, and . . . that he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quotation marks omitted). While Tupikin asserts that he would have been able to obtain corroboration from his parents and brother, evidence regarding his cooperation with law enforcement in the United States, and Russian police records, he has not stated that he gave counsel the information needed to obtain this alleged evidence,

6

and he still has not presented or tried to present any of this evidence. Accordingly, he has not established the prejudice required to succeed on an ineffective assistance or due process claim. *See id.*; *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

In addition, Tupikin cannot demonstrate prejudice because the agency found that he failed to meet his burden of proof for CAT relief because he could avoid torture by relocating within Russia. *See* 8 C.F.R. § 1208.16(c)(3) (listing relocation in country of removal as factor in determining likelihood of torture). Tupikin has not challenged this relocation finding here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming a claim abandoned where the petitioner did not address it in his brief). As that relocation finding is an independent basis for the denial of the CAT claim, he has not demonstrated that he could meet his burden of proof for CAT relief even with the additional corroborating evidence. Tupikin does not otherwise challenge the merits of the agency's denial of his CAT claim.

For the foregoing reasons, the petition for review is DENIED. All pending

7

motions and applications are DENIED and stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court